UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NATALIE R. DANIELS, | ) | |
|    *Plaintiff*, | ) | |
| | ) | |
|    *vs*. | ) | 1:12-cv-00168-JMS-MJD |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| COMMISSIONER OF THE SOCIAL SECURITY | ) | |
| ADMINISTRATION, | ) | |
|    *Defendant.* | ) | |

### ENTRY REVIEWING THE COMMISSIONER'S DECISION

*Pro se* Plaintiff Natalie R. Daniels applied for disability, disability insurance benefits, and supplemental security income from the Social Security Administration ("SSA") on October 8, 2008. After a series of administrative proceedings and appeals, including a hearing in December 2010 before Administrative Law Judge ("ALJ") Albert Velasquez, the ALJ issued a finding on May 24, 2011 that Ms. Daniels was not entitled to disability, disability insurance benefits, or supplemental security income. In September 2011, the Appeals Council denied Ms. Daniels' request for a review of the ALJ's decision, rendering that decision the final decision of the Defendant, Commissioner of the Social Security Administration ("the Commissioner"), for the purposes of judicial review. 20 C.F.R. § 404.981. Ms. Daniels then filed this action under 42 U.S.C. § 405(g), requesting that the Court review the Commissioner's denial.

### I.
#### RELEVANT BACKGROUND

Ms. Daniels was forty-seven years old at the time of her disability application on October 8, 2008. [Dkt. 12-5 at 2, 5.] She attended college for four years and worked up until 2003 as a paralegal. [Dkt. 12-2 at 30, 33.] Ms. Daniels claims she is disabled for a variety of impairments,

which will be discussed as necessary below. She was last insured for purposes of disability on September 30, 2008. [*Id.* at 12.]

Using the five-step sequential evaluation set forth by the SSA, the ALJ issued an opinion on May 24, 2011. [*Id.* at 12-20.] The ALJ found as follows:

- At Step One of the analysis, the ALJ found that Ms. Daniels had not engaged in substantial gainful activity[1] since the alleged onset date of her disability. [*Id.* at 14.]

- At Step Two, the ALJ found that Ms. Daniels suffered from degenerative disc disease, degenerative joint disease, and plantar fasciitis bilaterally. The ALJ further concluded that Ms. Daniels also suffered from the non-severe impairment of temporomandibular joint disorder. [*Id.*]

- At Step Three, the ALJ found that Ms. Daniels did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. The ALJ concluded that Ms. Daniels had the residual functional capacity ("RFC") to perform light work, with certain restrictions (*e.g.*, she can never crawl or kneel, and cannot perform repetitive forceful gripping or operation of vibrating tools). [*Id.* at 15-19.]

- At Step Four, the ALJ found that Ms. Daniels is capable of performing her past relevant work as a paralegal, because it does not require the performance of work-related activities precluded by her RFC. [*Id.* at 19-20.]

Based on these findings, the ALJ concluded that Ms. Daniels was not entitled to receive disability, disability insurance benefits, or supplemental security income. [*Id.* at 20.]

On July 15, 2011, Ms. Daniels requested that the Appeals Council review the ALJ's decision. [*Id.* at 7.] On September 29, 2011, the Appeals Council denied Ms. Daniels' request for review. [*Id.* at 4-6.] Accordingly, the Appeals Council's decision became the final decision of the Commissioner for the purposes of judicial review.

---

[1] Substantial gainful activity is defined as work activity that is both substantial (*i.e.*, involves significant physical or mental activities) and gainful (*i.e.*, work that is usually done for pay or profit, whether or not a profit is realized). 20 C.F.R. § 404.1572(a) and § 416.972(a).

## II.
### STANDARD OF REVIEW

The Court's role in this action is limited to ensuring that the ALJ applied the correct legal standards and that substantial evidence exists for the ALJ's decision. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004) (citation omitted). For the purpose of judicial review, "[s]ubstantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted). Because the ALJ "is in the best position to determine the credibility of witnesses," *Craft v. Astrue*, 539 F.3d 668, 678 (7th Cir. 2008), this Court must afford the ALJ's credibility determination "considerable deference," overturning it only if it is "patently wrong." *Prochaska v. Barnhart*, 454 F.3d 731, 738 (7th Cir. 2006) (quotations omitted).

If the ALJ committed no legal error and substantial evidence exists to support the ALJ's decision, the Court *must* affirm the denial of benefits. Otherwise the Court will remand the matter back to the SSA for further consideration; only in rare cases can the Court actually order an award of benefits. *See Briscoe v. Barnhart*, 425 F.3d 345, 355 (7th Cir. 2005).

To evaluate a disability claim, an ALJ must use the following five-step inquiry:

(1) [is] the claimant…currently employed, (2) [does] the claimant ha[ve] a severe impairment, (3) [is] the claimant's impairment…one that the Commissioner considers conclusively disabling, (4) if the claimant does not have a conclusively disabling impairment,…can [he] perform h[is] past relevant work, and (5) is the claimant…capable of performing any work in the national economy[?]

*Dixon v. Massanari*, 270 F.3d 1171, 1176 (7th Cir. 2001) (citations omitted). After Step Three, but before Step Four, the ALJ must determine a claimant's RFC, which represents the claimant's physical and mental abilities considering all of the claimant's impairments. The ALJ uses the RFC at Step Four to determine whether the claimant can perform his own past relevant work and

if not, at Step Five to determine whether the claimant can perform other work. *See* 20 C.F.R. § 416.920(e).

### III.
### DISCUSSION

In support of her request for remand, Ms. Daniels has submitted numerous medical records not previously presented to the ALJ or the Appeals Council, and has made only vague arguments regarding the ALJ's decision. Specifically:

- In her Complaint, filed February 6, 2012, Ms. Daniels stated "[since] my last hearing I was informed that I have diabetes and also gout in hands (chronic) diagnosed during a recent ER visit. Also I only care for one child living at home; not #4 as reported." [Dkt. 1 at 1.] Ms. Daniels also listed several prescription medications she was taking, and stated "[p]odiatrist diagnosed neuropathy in feet." [*Id.*]

- On July 11, 2012, Ms. Daniels submitted medical records, most of which related to treatment she received well after the ALJ issued his decision on May 24, 2011. [Dkt. 18 at 4-67.] Some of the records reflect medical tests or treatment performed before the May 24, 2011 ALJ decision. [*Id.* at 68-88.]

- On August 1, 2012, Ms. Daniels filed a "Response to Brief," which the Court considers her opening brief, in which she stated that she was submitting "[a] final medical report from rheumatologist Dr. Veronica Mesquida, emergency room medical diagnosis, and attorney contacts." [Dkt. 19 at 1.] The documents she submitted include medical records relating to treatment she received well after the May 24, 2011 ALJ decision, [*id.* at 2-25], and various emails and a fax cover sheet related to Ms. Daniels' referral to, and submission of documents to, an attorney, [*id.* at 26-28].[2]

- On January 14, 2013, Ms. Daniels submitted a reply brief in which she argued that she is not able to perform "any job in any capacity, no matter how 'light' the duties – due to pain, and physical limitations in her feet, legs, hands, back and neck; conditions previously outlined by Dr. Veronica Mesquida," and that her medications make it "very difficult if not impossible for [her] to function early [in the] morning, and for any extended period of time thereafter." [Dkt. 29 at 1.] She also re-capped some of her prior diagnoses, and noted new impairments such as neuropathy and diabetes. [*Id.* at 2-3.]

---

[2] No attorney has entered an appearance on Ms. Daniels' behalf in this case.

- On January 16, 2013, Ms. Daniels submitted additional medical records relating to treatment after the May 24, 2011 ALJ decision. [Dkt. 30.]

- On January 22, 2013, Ms. Daniels submitted a letter from Dr. Ann Busha stating that she has been under her care since July 2011, and that "[d]ue to [her] multiple medical conditions, she is unable to work at this time." [Dkt. 3.]

The Commissioner responded to Ms. Daniels' initial filings by arguing that substantial evidence supports the ALJ's decision, [dkt. 24 at 8-12], and that the new medical records she has submitted are not properly before the Court because they were not presented to the ALJ or the Appeals Council, and because they relate to treatment she received in 2012. [*Id.* at 12.]

### A. Submission of Medical Records Relating to New Impairments

The Court is mindful of the fact that Ms. Daniels is proceeding *pro se* in this matter. However, her *pro se* status does not alter the fact that this Court's role is limited to reviewing the ALJ's decision, and making sure that the evidence that was before the ALJ supports that decision. *Barnett*, 381 F.3d at 668. The Court cannot consider the medical records Ms. Daniels has submitted which relate to her condition during the time period after the ALJ issued his decision. [Dkts. 18 at 4-67; 19 at 2-25; 30; 31.][3] *See, e.g., Schmidt v. Barnhart*, 395 F.3d 737, 742 (7th Cir. 2005) ("medical records 'postdating the hearing' and that 'speak only to [the applicant's] current condition, not to his condition at the time his application was under consideration by the

---

[3] For example, Ms. Daniels submitted a January 15, 2013 "Final Report," wherein Dr. Ann Busha states that she has treated Ms. Daniels since July 2011, that Ms. Daniels suffers from fibromyalgia, hypertension, type II diabetes, and headaches, and that Ms. Daniels "is unable to work at this time." [Dkt. 31.] This report relates only to treatment performed after the ALJ decision, and to impairments that were not the subject of Ms. Daniels' disability application.

- 5 -

[SSA]' do not meet the standard for new and material evidence") (*citing Kapusta v. Sullivan*, 900 F.2d 94, 97 (7th Cir. 1989)).[4]

If Ms. Daniels has, in fact, developed additional impairments since the application for benefits at issue in this case, her proper recourse is not a remand of this action, but rather to file a new application for benefits. *Bowen v. Astrue*, 2007 U.S. Dist. LEXIS 36412, *26-27 (S.D. Ind. 2007) (remand improper based on medical records that post-dated ALJ hearing, but claimant could file a new applicable for benefits based on new impairments).

### B. Challenges to the ALJ's Decision

As for the propriety of the ALJ's decision viewed in light of the evidence that was before it, Ms. Daniels does not point to any errors by the ALJ other than listing several conditions she has been diagnosed with since the administrative hearing, [dkt. 1 at 1], stating that she only cares for one child living at home, not four, [*id.*], and asserting that she cannot perform any jobs, no matter how light, [dkt. 29 at 1].

First, as discussed above, the Court cannot remand this case based on evidence relating to Ms. Daniels' medical condition after the ALJ issued his decision. Second, the Court acknowledges that the ALJ mistakenly stated that Ms. Daniels "lives with her three children," [dkt. 12-2 at 17], even though Ms. Daniels testified that only one minor child lived at home with her, [*id.* at 33]. But Ms. Daniels does not explain the significance, if any, of this error. The Court finds the discrepancy between living with one child versus three children insignificant to the ALJ's decision, and a remand based on that mistake of fact would be inappropriate because it would not be

---

[4] To the extent some of the medical records Ms. Daniels submitted relate to treatment or medical tests which occurred before the ALJ's May 24, 2011 decision, [*see* dkt. 18 at 68-88], the Court cannot properly consider those records in determining whether to remand this matter pursuant to 42 U.S.C. § 405(g) because they are not "new." *Schmidt*, 395 F.3d at 743. Additionally, Ms. Daniels has not provided any explanation as to why she did not previously submit those records. *Id.*

likely to lead to a different result. *Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result") (citation omitted). Finally, Ms. Daniels' general argument that she cannot perform any job is unavailing. Her belief that she cannot work is implicit in the fact that she applied for disability, disability insurance benefits, and supplemental security income in the first instance, and she must do more than simply maintain her position that she is disabled – she was required to specify why she believes the ALJ erred in denying her application. She has not done so.

## IV.
### CONCLUSION

The standard for disability claims under the Social Security Act is stringent. "Even claimants with substantial impairments are not necessarily entitled to benefits, which are paid for by taxes, including taxes paid by those who work despite serious physical or mental impairments and for whom working is difficult and painful." *Williams-Overstreet v. Astrue*, 364 Fed. Appx. 271, 274 (7th Cir. 2010). Furthermore, the standard of review of the Commissioner's denial of benefits is narrow. *Id.* Taken together, the Court can find no legal basis presented by Ms. Daniels to overturn the Commissioner's decision that Ms. Daniels does not qualify for disability, disability insurance benefits, or supplemental security income. The new records submitted by Ms. Daniels cannot be considered in the present context. Therefore, the decision below is **AFFIRMED**. Final judgment will be entered accordingly.

01/24/2013

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

- 8 -

**Distribution via ECF only:**

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

**Distribution via U.S. Mail:**

NATALIE R. DANIELS
2836 Roberta Drive
Indianapolis, IN 46222