UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NATALIE R. DANIELS,            ) | |
|     *Plaintiff*,            ) | |
|                            ) | |
| *vs*.                       ) | 1:12-cv-00168-JMS-MJD |
|                            ) | |
| MICHAEL J. ASTRUE,           ) | |
| COMMISSIONER OF THE SOCIAL SECURITY ) | |
| ADMINISTRATION,              ) | |
|     *Defendant*.           ) | |

## **ORDER**

Presently pending before the Court is *pro se* Plaintiff Natalie R. Daniels' Motion to Alter or Amend Judgment. [Dkt. 34.]

### I.
### BACKGROUND

Ms. Daniels applied for disability, disability insurance benefits, and supplemental social security income from the Social Security Administration ("SSA") on October 8, 2008. [Dkt. 12-5 at 2-11.] After a series of administrative proceedings and appeals, including a hearing in December 2010 before an Administrative Law Judge ("ALJ"), the ALJ issued a finding on May 24, 2011 that Ms. Daniels was not entitled to disability, disability insurance benefits, or supplemental security income. [Dkt. 12-2 at 12-20.] In September 2011, the Appeals Council denied Ms. Daniels' request for a review of the ALJ's decision, [*id*. at 4-6], and Ms. Daniels then filed this action requesting that the Court review the denial by the Commissioner of the Social Security Administration's ("the Commissioner"), [dkt. 1].

On January 24, 2013, the Court affirmed the Commissioner's denial, finding that Ms. Daniels had not presented any legal basis to overturn the Commissioner's decision, and that it could not consider new records submitted by Ms. Daniels to review the ALJ's decision. [Dkt.

32.] Ms. Daniels has filed a Motion to Alter or Amend Judgment relating to the Court's January 24, 2013 decision. [Dkt. 34.]

## II.
### STANDARD OF REVIEW

Ms. Daniels' Motion to Alter or Amend Judgment is brought pursuant to Rule 59(e). [*See* dkt. 34 at 1.] Affording relief through granting a motion for reconsideration brought pursuant to Rule 59(e) is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). Rule 59 motions are for the limited purpose of correcting a "manifest error," which "'is not demonstrated by the disappointment of the losing party'; rather, '[i]t is the wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *United States v. ITT Educ. Servs.*, 2012 U.S. Dist. LEXIS 10512, *23-24 (S.D. Ind. 2012) (citations omitted). A motion for reconsideration is appropriate only "where the court has misunderstood a party, where the court has made a decision outside the adversarial issues presented to the court by the parties, where the court has made an error of apprehension (not of reasoning), where a significant change in the law has occurred, or where significant new facts have been discovered." *Nerds On Call, Inc. (Ind.) v. Nerds On Call, Inc. (Cal.)*, 598 F.Supp.2d 913, 916 (S.D. Ind. 2008). Arguments that the Court has already considered and rejected "should be directed to the court of appeals." *ITT Educ. Servs.*, 2012 U.S. Dist. LEXIS 10512 at *24.

## III.
### DISCUSSION

In her motion, Ms. Daniels states that all of the causes for her "great deal of pain, discomfort, and anxiety…have yet to be determined." [Dkt. 34 at 1.] She advises that she has medical appointments "scheduled through July, 2013, which may or may not add a contributing diagnosis," and "implores the Court to allow her that opportunity." [*Id.*] She argues that she was "dili-

gent" in seeking medical care when her symptoms arose, was "either dismissed, or relegated to less-experienced interns," and "should not be penalized for someone else's incompetence." [*Id.*] She states that it was "never her intention to sacrifice six years of college, only to become dependent on the State to receive a fraction of the salary she could have potentially earned." [*Id.* at 1-2.]

It is apparent from Ms. Daniels' motion that she is requesting that the Court give her an opportunity to submit additional medical records after her upcoming medical appointments, which she hopes will reflect an as-yet-undetermined cause of her symptoms. In order to succeed on a motion to alter or amend judgment under Rule 59(e), however, Ms. Daniels must show that the Court either "misunderstood a party,…made a decision outside the adversarial issues presented to the court by the parties,…[or] made an error of apprehension (not of reasoning)," or where "a significant change in the law occurred, or where significant new facts have been discovered." *Nerds On Call, Inc. (Ind.)*, 598 F.Supp.2d at 916. Accordingly, Ms. Daniels' motion is improper inasmuch as it asks the Court to reconsider its decision based on evidence not yet acquired.

Likewise, as the Court stated in its January 24, 2013 Entry, the Court's role is limited to reviewing the ALJ's decision, and making sure that the evidence that was before the ALJ supports that decision. *Barnett v. Barnhart*, 381 F.3d 664, 668 (7th Cir. 2004). The Court cannot consider medical records which relate to her condition during the time period after the ALJ issued his decision. *See, e.g., Schmidt v. Barnhart*, 395 F.3d 737, 742 (7th Cir. 2005).

While the Court is sympathetic to Ms. Daniels' efforts to discern the cause of her symptoms, her proper recourse – should she obtain a diagnosis relating to her present condition – is to file a new application for benefits. *Bowen v. Astrue*, 2007 U.S. Dist. LEXIS 36412, *26-27 (S.D.

- 4 -

Ind. 2007).  The Court cannot alter or amend its decision based on evidence not provided to the ALJ, not provided to the Court before its January 24, 2013 decision, not yet even obtained by Ms. Daniels herself, and relating to her current condition and not her condition at the time when her application was denied.

## IV.
### CONCLUSION

For the foregoing reasons, Ms. Daniels' Motion to Alter or Amend Judgment, [dkt. 34], is **DENIED**.

04/24/2013

_____
Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only:**

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

**Distribution via U.S. Mail:**

NATALIE R. DANIELS
2836 Roberta Drive
Indianapolis, IN 46222